UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK ANTHONY REED,

        Plaintiff,

        Case No. 1:18-cv-257

v.

        Honorable Gordon J. Quist

UNKNOWN VRANE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues DRF Food

Service Director, Unknown Vrane. Plaintiff also identifies in the case caption a second Defendant, Unknown Party, who is described as a Trinity Food Service employee.

Plaintiff alleges that on December 11, 2017, he wrote a formal complaint against the food service with the Director of the MDOC, the business manager at DRF, and the Director of Operations at Trinity Service Group. He complained about cross-contamination of the vegan food by the cooler workers who pulled the vegetables out of the cooler after they had pulled the meat. Two days later, the food inspector came through the vegan kitchen for the monthly inspection. Plaintiff and Defendant Vrane were present.

Plaintiff again voiced his complaint about the cross-contamination. Defendant Vrane indicated that he would instruct the vegan cooks to pull their own food from the cooler. Before the inspector left, he noticed that Plaintiff was drinking coffee from a cup. The inspector also noticed that Plaintiff's coat was under a counter in the vegan kitchen. The inspector told Plaintiff these two issues raised additional concerns about cross-contamination.

Plaintiff expressed his disagreement with the inspector's concern. Plaintiff also noted that the handling of the kitchen whites worn by the vegan kitchen staff similarly risked cross-contamination.

The next day, Plaintiff reported for work, but was told he was "laid in." Plaintiff's investigation disclosed that Defendant Vrane had reported Plaintiff with respect to the cup and the coat, the cross-contamination concerns that the inspector had raised the day before. The report noted that Plaintiff had received two prior warnings and that, despite the warnings, the recent inspection had revealed continued problems--the cup and the coat. The report resulted in Plaintiff's removal from his position in the food service.

Plaintiff then filed grievances and complaints about Defendant Vrane claiming, among other things, that Defendant Vrane had questioned Plaintiff's hiring in the first place

2

because of all the grievances Plaintiff filed. Plaintiff claims that he has not been able to get another job because Defendant Vrane also told the classification director that Plaintiff was a security threat.

Plaintiff contends that Defendant Vrane's actions constitute unlawful retaliation for Plaintiff's exercise of his First Amendment rights. Plaintiff makes no allegations of action or inaction by Unknown Party. Plaintiff seeks a declaration that Defendant Vrane violated his rights and unspecified injunctive relief as well as compensatory, nominal, and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff alleges that Defendant Vrane's action were retaliatory for Plaintiff's exercise of his First Amendment rights.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff has adequately alleged protected conduct. The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).

Plaintiff's filing of his complaint regarding cross-contamination in the vegan kitchen might also be protected conduct.

It appears that Plaintiff has also adequately alleged adverse action. The Sixth Circuit has recognized that loss of a prison job might deter a person of ordinary firmness from engaging in protected conduct. *Siggers-El v. Barlow*, 412 F.3d 693, 701-702 (6th Cir. 2005).

Plaintiff's complaint falls short, however, in connecting the protected conduct and the adverse action. He does not adequately allege the causation element. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendant retaliated against him because he filed a grievance or the cross-contamination complaint. To the contrary, according to Plaintiff's allegations, Defendant Vrane's filing of the report was caused by the results of the monthly inspection, not Plaintiff's complaint. Accordingly, his speculative allegations fail to state a First Amendment retaliation claim.

Plaintiff never attributes a retaliatiory motive or, indeed, any action or inaction to Defendant Unknown Party. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Unknown Party engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against Defendant Unknown Party.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Unknown Vrane and Unknown Party will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: April 5, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE